1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

GREGORY A. BROWER
United States Attorney
District of Nevada

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar. No. 5109

JOHN R. TYLER
Senior Trial Counsel
United States Department of Justice

STEPHEN J. BUCKINGHAM
(MD Bar)
Trial Attorney
United States Department of Justice
20 Massachusetts Ave. NW Rm. 7119
Washington, DC 20530
Phone: (202) 514-3330
Facsimile: (202) 616-8470
Email: *Stephen.Buckingham@usdoj.gov*

Attorneys for the United States

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

AIDAN MONAGHAN,                    )
                                   )
            Plaintiff,             )
                                   )        Case No. 2:07-cv-01614-RCJ-(GWF)
      vs.                          )
                                   )
FEDERAL BUREAU OF                  )
INVESTIGATION,                     )
                                   )
            Defendant.             )
_____      )

## COMBINED MOTION FOR SUMMARY JUDGMENT AND
## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Federal Bureau of Investigation ("FBI"), by and through its attorneys, hereby

opposes Plaintiff's Motion for Summary Judgment (#41) and respectfully moves this Court to

grant summary judgment in favor of Defendant. Defendant relies on the following memorandum

of points and authorities, as well as all papers and pleadings on file, in support of its motion and

1    opposition.

2    Dated: October 16, 2008

3                                              Respectfully submitted,

4                                              GREGORY A. BROWER
                                               United States Attorney
5
                                               PATRICK A. ROSE
6                                              Assistant United States Attorney

7                                              JOHN R. TYLER
                                               Senior Trial Counsel
8
                                               */s/ Stephen J. Buckingham*
9                                              STEPHEN J. BUCKINGHAM
                                               Trial Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This is an action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by *pro se* plaintiff, Aidan Monaghan, against the Federal Bureau of Investigation ("FBI"). In his Amended Complaint, Plaintiff seeks documents revealing the process used by the FBI to identify the aircraft used during the terrorist attacks of September 11, 2001. However, because this request for records is markedly different from Plaintiff's original FOIA request, received by the FBI on September 12, 2007, Plaintiff's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies.

In addition to Plaintiff's failure to exhaust his administrative remedies, his Amended Complaint should also be dismissed because the FBI has fully complied with its responsibilities under FOIA. Even though it was not obligated to do so, the FBI conducted a search for the documents requested in the Amended Complaint. As the identity of the aircrafts used in the September 11th attacks has never been in question, the FBI's search recovered no responsive documents. The previously submitted declaration of David M. Hardy ("Hardy Decl.") (#34), Section Chief of the Record/Information Dissemination Section of the FBI's Records Management Division, makes clear that the FBI's search was reasonably calculated to uncover relevant documents. The FBI, therefore, has complied with its responsibilities under FOIA and is entitled to summary judgment on Plaintiff's claim.

### STATEMENT OF MATERIAL FACTS

By an undated letter to the FBI's Record/Information Dissemination Section ("RIDS"), received on September 12, 2007, Plaintiff submitted a request under FOIA for "documentation pertaining to any formally and positively identified debris by the FBI, from all 4 civilian commercial aircraft used in the terrorist attacks of September 11, 2001[.]" Letter from Aidan Monaghan to FBI (undated) (Amended Complaint ("Am. Compl."), Ex. 1). By letter dated September 24, 2007, FBI

headquarters ("FBIHQ") acknowledged Plaintiff's request and advised Plaintiff that any responsive information would be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  Letter from David M. Hardy to Aidan Monaghan (Sept. 24, 2007) (Am. Compl., Ex. 2).  FBIHQ also advised Plaintiff of his right to appeal the denial of his request to OIP.  Id.[1]

By an undated letter received on October 25, 2007, Plaintiff appealed the denial of his FOIA request to OIP.  Letter from Aidan Monaghan to OIP (undated) (Am. Compl., Ex. 3).  OIP affirmed the FBI's denial of Plaintiff's FOIA request.  Letter from Janice Galli McLeod, Associate Director OIP, to Aidan Monaghan (Nov. 26, 2007) (Am. Compl., Ex. 4).

On January 23, 2008, Plaintiff filed this action seeking access to:

> agency records, concerning documentation revealing the process by which wreckage recovered by defendant, from the aircraft used during the terrorist attacks of September 11, 2001, was positively identified by defendant (with the aid of the National Transportation Safety Board), as belonging to the said aircraft, presumably through the use of unique serial number identifying information contained by the said aircraft's wreckage, that was collected by defendant and which defendant has improperly withheld from plaintiff.  The data sought by plaintiff is the basis for the F.B.I.'s current public position, that the following 4 flights were those that were involved in the terrorist attacks of September 11, 2001: American Airlines flight 11, United Airlines flight 175, American Airlines flight 77 and United Airlines flight 93.

Am. Compl. ¶ 1.  Because the request contained in the Amended Complaint differed substantially from Plaintiff's original FOIA request, the FBI conducted an additional search for potentially responsive documents.  Hardy Decl. ¶ 14.  By letter dated March 12, 2008, the FBI advised Plaintiff that, following a records search and extensive research into Plaintiff's request, no responsive records were located.  Letter from David M. Hardy to Aidan Monaghan (March 12, 2008) (Hardy Decl., Ex.

---

[1]  Plaintiff submitted duplicate FOIA requests to FBIHQ by letter dated September 6, 2007, (Hardy Decl., Ex. C), and by electronic mail dated October 1, 2007, (Hardy Decl., Ex. D).  By letter dated October 30, 2007, FBIHQ responded to these requests, again informing Plaintiff that any responsive records would be exempt from disclosure. (Hardy Decl., Ex. E).  The postal service returned this letter on November 9, 2007, as undeliverable.  Hardy Decl. ¶ 9 n.3.  Plaintiff submitted a fourth duplicate request for information by letter dated March 19, 2008, to FBIHQ. (Hardy Decl., Ex. J).

1  I).

2       On October 3, 2008, Plaintiff filed a Motion for Summary Judgment on his FOIA claim.

3  Pl.'s Mot. for Sum J. (#41).

4  **ARGUMENT**

5  **I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM BECAUSE PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

6       Under FOIA, administrative remedies must be exhausted before an individual may seek

7  relief in district court.  See 5 U.S.C. § 552(a); U.S. v. U.S. Dist. Court, 717 F.2d 478, 480 (9th

8  Cir. 1983).  Dismissal of a FOIA request is appropriate under Rule 12(b)(1) of the Federal Rules

9  of Civil Procedure where a FOIA complainant fails to exhaust administrative remedies.  In re

10  Steele, 799 F.2d 461, 465 (9th Cir. 1986) (holding that plaintiffs' "failure to exhaust their

11  administrative remedies deprived the district court of the authority to issue an order compelling

12  disclosure of the requested information" and instructing the district court "to dismiss for lack of

13  jurisdiction").

14       Here, Plaintiff's Amended Complaint contains a request for information which differs

15  significantly from the information sought in Plaintiff's initial FOIA request.  Plaintiff initially

16  requested "documentation pertaining to any formally and positively identified debris by the FBI,

17  from all 4 civilian commercial aircraft used in the terrorist attacks of September 11, 2001[.]"

18  Letter from Aidan Monaghan to FBI (undated) (Am. Compl., Ex. 1).  Plaintiff now seeks

19  "agency records, concerning documentation revealing the process by which wreckage recovered

20  by defendant . . . was positively identified by defendant . . . as belonging to the said aircraft,

21  presumably through the use of unique serial number identifying information contained by the

22  said aircraft's wreckage[.]"  Am. Compl. ¶ 1.

23       Plaintiff has not exhausted his administrative remedies with respect to the request for

24  information contained in the Amended Complaint as is required under FOIA.  In re Steele, 799

25

26

5

F.2d at 465.  FOIA specifies that a request for information must be made in accordance with the agency's published regulations.  5 U.S.C. § 552(a)(3)(A)(ii).  A request for documents in a complaint does not constitute a proper FOIA request.  See 28 C.F.R. § 16.3 (providing requirements for making a FOIA request for records of the Department of Justice).  As Plaintiff has failed to exhaust the administrative process with respect to the request for new information contained in the Amended Complaint, this Court should dismiss Plaintiff's Amended Complaint under Rule 12(b)(1).  In re Steele, 799 F.2d at 465.[2]

## II.    NO DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUEST EXIST AND PLAINTIFF'S CLAIM SHOULD BE DENIED AS MOOT

Jurisdiction exists under FOIA only where an agency has (1) improperly (2) withheld (3) agency records.  5 U.S.C. § 552(a)(4)(B); Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980).  A FOIA request becomes moot once it is answered or no responsive records are located following a reasonable search.  Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986) (affirming summary judgment because agency's compliance with plaintiff's FOIA request mooted action).  The FBI conducted a reasonable search for the records requested in Plaintiff's Amended Complaint and located no responsive records.  Thus, Plaintiff's claim should be denied as moot.

1.    In response to a FOIA request, an agency must conduct "a search reasonably calculated to uncover all relevant documents."  Citizens Commission on Human Rights v. Federal Drug Administration, 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting Zemansky v. EPA,

---

[2]  In addition to improperly requesting information without exhausting administrative remedies, Plaintiff has also failed to name an appropriate agency as a defendant.  Only federal agencies are proper party defendants in FOIA litigation.  5 U.S.C. § 552(a)(4)(B) (granting district courts "jurisdiction to enjoin the agency from withholding agency records improperly withheld from complainant");  5 U.S.C. § 552(f) (defining "agency").  The FBI is not an agency within this definition because it is a component of an executive department – the Department of Justice.  See Judicial Watch, Inc. v. F.B.I., 190 F. Supp. 2d 29, 31 n.1 (D.D.C. 2002).

767 F.2d 569, 571 (9th Cir. 1985). "[A]ffidavits describing agency search procedures are sufficient for purposes of summary judgment . . . if they are relatively detailed in their description of the files searched and the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith." Id, (quoting Zemansky, 767 F.2d at 573). While evidence of the search should be reasonably detailed, the standard is not "meticulous documentation [of] the details of an epic search for the requested records." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)).

In general, the sufficiency of a search is determined by the "appropriateness of the methods" used to carry out the search, "not by the fruits of the search." Iturralde v. Comptroller of the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003). Accordingly, the failure of an agency "to turn up a particular document, or mere speculation that yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested record." Wilbur v. CIA, 315 F.3d 675, 678 (D.C. Cir. 2004). In the absence of "countervailing evidence" or "substantial doubt," agency affidavits or declarations describing a reasonable and adequate search are sufficient to demonstrate an agency's compliance with FOIA. See Iturralde, 315 F.3d at 314 (citations omitted); see also Valencia-Lucena v. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (noting that, with a properly-detailed agency declaration, summary judgment remains appropriate unless "a review of the record raises substantial doubt" about the adequacy of the agency search for records) (citation omitted).

2.    The Hardy declaration demonstrates that the FBI conducted a search reasonably calculated to uncover documents responsive to the request for information contained in the Amended Complaint. This search included a search of the FBI's central records system ("CRS"). Hardy Decl. ¶ 23. The CRS contains records of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. Id. ¶ 16. The FBI routinely searches the CRS for documents responsive to FOIA requests. Id. The mechanism used for searching the

1    CRS is the automated case support system ("ACS"), which is an internal computerized

2    subsystem of the CRS containing searchable data from more than 105 million records. Id. ¶¶ 16-

3    17.  In response to the request contained in Plaintiff's amended complaint, RIDS conducted a

4    search of the CRS using the following subjects: "Airline Debris," "Debris Identification,"

5    "Commercial Aircraft," "Aircraft Identification," "Aircraft Debris," Aircraft Wreckage,"

6    "Aircraft," "Recovered Debris," "National Transportation and Safety Bureau," "National

7    Transportation Safety Board," "NTSB," "American Airlines," "American Airlines Flight,"

8    "American Airlines Flight Eleven," "American Airlines Flight Number 11," "American Airlines

9    Flight 77," "N334AA," "N612UA," "N644AA," "N591UA," "Flight 175," "Flight 11," "Flight

10    77," "Flight 93," "Identifying Aircraft Parts," "Factual Report Aviation," "Federal Aviation

11    Administration," "Pentbomb," "Ground Zero," "Freshkills Landfill," and "Fresh Kills Landfill."

12    Id. ¶ 23.

13         In addition to the search of the CRS, RIDS' search also included verification by the

14    responsible FBIHQ operational division that the identities of the four aircraft hijacked on

15    September 11, 2001, have never been in question by the FBI, the National Transportation Safety

16    Board ("NTSB"), or the Federal Aviation Administration.  Id. ¶ 24.  Despite these extensive and

17    detailed search efforts, RIDS located no FBI records responsive to Plaintiff's request.  Id.  The

18    lack of documentation revealing the process by which the FBI identified the hijacked aircraft is

19    unsurprising because the identity of those aircraft has never been in question and because other

20    evidence collected after September 11, 2001, has corroborated the identity of the hijacked

21    aircraft.  Id.

22         3.    Plaintiff has presented no countervailing evidence demonstrating that the FBI

23    failed to engage in a reasonable search.  See Perry, 684 F.2d at 127 ("[I]n the absence of

24    countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable

25    detail the scope and method of the search conducted by the agency will suffice to demonstrate

26

1   compliance with the obligations imposed by the FOIA.").  Rather, the exhibits attached to

2   Plaintiff's Amended Complaint support the FBI's conclusion that the identity of the hijacked

3   aircraft has never been in question.  For example, the e-mail response sent from the NTSB to an

4   inquiry from Plaintiff confirms that "NTSB investigators *rarely encounter a scenario when the*

5   *identification of an accident aircraft is not apparent.*" Am. Compl., Ex. 7 (emphasis added).

6   Plaintiff's Exhibit 10 purports to be "FAA documents identified as 'Summary of Air Traffic

7   Hijack Events.'" Am. Compl. ¶ 14.  That document chronicles the loss of communications

8   between air traffic control authorities and flights already positively identified as American

9   Airlines Flight 11 and United Airlines Flight 175.  Am. Compl., Ex. 10.  The public remarks of

10  NTSB employees upon which Plaintiff relies indicate only that the NTSB recovered certain

11  physical evidence from two of the aircraft, Am. Compl., Ex. 5, and assisted the FBI in its

12  investigation of the September 11th attacks.  Am. Compl., Ex. 6.  Neither of these statements

13  suggest that the identity of the hijacked aircraft was ever in question.

14          Similarly, the supplemental exhibits Plaintiff has submitted support the FBI's conclusion

15  that no records exist responding to Plaintiff's request.  Included among these exhibits are letters

16  from the NTSB responding to a separate FOIA request from Plaintiff to the NTSB for the same

17  information Plaintiff now seeks from the FBI.  Ex. E (#36).  In its initial response to Plaintiff's

18  request, the NTSB confirms that, like the FBI, "the NTSB doesn't have any records" regarding

19  the information.  Id.  Plaintiff appears to have appealed that decision and, in rejecting Plaintiff's

20  appeal, the NTSB explains that it "performed an adequate, reasonable search for any records

21  within the scope of [the] request . . . and did not locate any records[.]"  Id.  Additionally, an e-

22  mail response from the NTSB to an inquiry submitted by Plaintiff confirms that NTSB Accident

23  Reports obtain component or device serial numbers "from both the FAA and airline" and not

24  from "examination of a given component or device[.]" Ex. A (#36).

25          4.      As the declaration of David M. Hardy makes clear, the FBI has conducted a

26

reasonable search in response to Plaintiff's Amended Complaint.  The failure of that search to produce responsive documents comports with the fact that the identities of the four aircraft hijacked on September 11, 2001, have never been in question by the FBI.  Hardy Decl. ¶ 24.  Thus, no documentation exists "revealing the process by which wreckage recovered . . . from the aircraft used during the terrorist attacks of September 11, 2001, was positively identified . . . as belonging to the said aircraft, presumably through the use of unique serial number identifying information contained by the said aircraft's wreckage . . . ."  Am. Compl. ¶ 1.  Plaintiff's Motion for Summary Judgment raises no substantive opposition to the adequacy of the FBI's search and the exhibits Plaintiff submitted provide no countervailing evidence as to the adequacy of the search.  Accordingly, Plaintiff's FOIA claim has no merit.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Summary Judgment and grant Defendant's  Motion to Dismiss or, in the Alternative, for Summary Judgment.

Dated: October 16, 2008

Respectfully submitted,

GREGORY A. BROWER
United States Attorney

PATRICK A. ROSE
Assistant United States Attorney

JOHN R. TYLER
Senior Trial Counsel

*/s/ Stephen J. Buckingham*
STEPHEN J. BUCKINGHAM
Trial Attorney

1

2

PROOF OF SERVICE

3
    I, Stephen J. Buckingham, certify that the following individual was served with the

4
foregoing Combined Motion for Summary Judgment and Opposition to Plaintiff's Motion for

5
Summary Judgment and the accompanying memorandum of points and authorities in support

6
thereof on this date by the below identified method of service:

7
    Aidan Monaghan
    3001 Lake East Drive, #2132-A

8
    Las Vegas, Nevada 89117
    via: FEDERAL EXPRESS

9
Dated: October 16, 2008

10
                                                    /s/ Stephen J. Buckingham
                                                    STEPHEN J. BUCKINGHAM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26